UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:06-cr-00428-KJM |
| Plaintiff, | ORDER |
| v. | |
| Daryl Summerfield, | |
| Defendant. | |

The court grants both the defense and government requests to file Mr. Summerfield's medical records under seal to protect his private medical information. Ex. E Defense Req. to Seal, ECF No. 219; Ex. 2 Gov't Req. to Seal, ECF No. 223.

Based upon Local Rule 141(b) and the representations contained in the government's request to seal, ECF No. 223, the medical documents pertaining to Mr. Summerfield qualify for sealing. *See Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal. Sep. 10, 2019) ("This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records.").

Defense requests the sealing of multiple exhibits: BOP Individualized Re-entry Plan Ex. B, Presentence Report Ex. D, BOP Medical Records Ex. E, attached to Mr. Summerfield's

1  motion for compassionate release, ECF No. 217, and Family Letters, Ex. G attached to the Reply,
2  ECF No. 225.  Based upon Local Rule 141(b) and the representations contained in the
3  defendant's request to seal, ECF No. 219, the medical documents contained in exhibit E also
4  qualify for sealing. *Chester*, 2019 WL 5420213, at *2.

5  Defense exhibits D and G qualify for sealing to protect personal information including
6  addresses of family members and private medical information of the defendant.  The court finds
7  that, for the reasons stated in the defendant's request, sealing exhibits D and G serves a
8  compelling interest, and in the absence of closure, those compelling interests would be harmed.
9  *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th
10 Cir. 1990).  However, the court denies without prejudice the request to seal exhibit B, as the
11 defense has not provided a compelling reason to overcome the presumption of public access to
12 judicial records with regard to defendant's BOP Individualized Reentry Plan.

13 This order resolves ECF Nos. 219, 223.

14 DATED:  March 19, 2021.

CHIEF UNITED STATES DISTRICT JUDGE